UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERTO CARLOS ROSALES,

Petitioner,

v.

WARDEN, ST. CLAIR COUNTY JAIL, DEPARTMENT OF HOMELAND SECURITY, and IMMIGRATION AND CUSTOMS ENFORCEMENT,

Case No. 26-cv-12795
Honorable Linda V. Parker

Respondents.

______________________________________/

# OPINION AND ORDER

Petitioner Roberto Carlos Rosales ("Rosales"), a Nicaraguan national, entered the United States in February 2022 from Mexico. (ECF Nos. 1, 8-3.) At that time, immigration officials arrested him, charging him with inadmissibility under 8 U.S.C. § 1182(a)(6), and initiated his removal proceedings. (ECF Nos. 8-2, 8-3.) Immigration officials then released him on an order of recognizance, which, as a form of parole, required that he abide by certain conditions, including participation in electronic monitoring and checking in with Immigration and Customs Enforcement ("ICE") officials on a regular basis. (ECF No. 8-4.)

According to Rosales, his electronic monitoring device stopped working and when he appeared for one of his scheduled check-in appointments with ICE officials, "security personnel informed him that his name was not on the appointment list and refused to allow him to enter the ICE office." (ECF No. 1 at PageID.2.) ICE records, on the other hand, classify Rosales as an "absconder," assert that Rosales "failed to report as instructed," and reference his electronic tracking device as "no longer operational." (ECF No. 8-5 at PageID.96.)

In June 2026, immigration officials encountered Rosales in Detroit, Michigan despite his registered address being in Miami, Florida. (*Id.*) Immigration officials arrested Rosales pursuant to a warrant and detained him at the St. Clair County Jail, just north of Detroit, where he remains to this day. (ECF Nos. 8-6 and 8-7.) The same day ICE arrested Rosales, ICE issued a Form I-286, indicating that Rosales's detention would be pursuant to "section 236 of the Immigration and Nationality Act," codified at 8 U.S.C. § 1226, pending a final administrative determination. (ECF No. 8-8 at PageID.101.) Rosales requested a review of that custody determination. (*Id.*)

On July 21, 2026, the immigration court held a custody redetermination hearing at which time it determined that Rosales presented a flight risk and accordingly, denied Rosales' request for a change in custody status. (ECF No. 8-9.) That same day, the immigration court conducted a merits hearing, denied his

asylum application and request to withhold removal proceedings, and elected instead to enter an order of removal to Nicaragua. (ECF No. 8-10.) To date, Rosales has not appealed the bond order to the Board of Immigration Appeals.[1] However, on July 27, 2026, Rosales filed an appeal on the merits, seeking review from Board of Immigration Appeals regarding the order of removal. (ECF No. 8-11.)

Before the Court is Rosales' petition for habeas relief under 28 U.S.C. § 2241. (ECF No. 1.) Rosales, proceeding pro se, asks the Court to "[c]onduct an expedited review of Petitioner's detention," and "[o]rder Petitioner's immediate release under appropriate conditions." (*Id*. at PageID.3.)[2] In support, Rosales "respectfully submits that the bond determination failed to adequately consider the evidence demonstrating his repeated attempts to comply with ICE reporting requirements and his lack of criminal history." (ECF No. 1 at PageID.2.)

The Court will deny the petition, as it does not have jurisdiction to consider it. As Respondents note, "the grant or denial of a bond is unreviewable." (ECF No. 8 at PageID.77 (quoting *Casillas v. Holder*, 656 F.3d 273, 275 (6th Cir. 2011)

[1]To see the status of Rosales' case, enter his A-number and his nationality into the case locator, available at https://acis.eoir.justice.gov/en/caseInformation.
[2]To the extent Rosales asks the Court to "[o]rder Respondents to justify Petitioner's continued detention," the Government's briefing of this petition has made clear that Rosales is being detained pursuant to 8 U.S.C. § 1226. (ECF No. 1 at PageID.3.) The Court being satisfied with this answer declines to entertain this relief further.

(citing 8 U.S.C. § 1226(e))). Yet, such a review is exactly what Rosales asks the Court to perform. (ECF No. 9 at PageID.121) ("Respondents characterization of Petitioner as a flight risk should be reconsidered in light of the complete record"); *see also id*. at PageID.124 (collecting pieces of "documentary evidence" which "are relevant to whether Petitioner should continue to be considered a danger or flight risk and whether continued detention is necessary"); *id*. at PageID.120 ("Thus, the factual record is materially different from the Government's characterization that Petitioner simply disabled his device, failed to report, and then absconded.").) Such a review is foreclosed because it involves reviewing the "discretionary judgment" of the Attorney General. *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) ("As we have previously explained, § 1226(e) precludes an alien from "challeng[ing] a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding his detention or release.'" (quoting *Demore v. Kim*, 538 U.S. 510, 516 (2003)).

The exclusive means for the type of challenge Rosales raises today is an appeal to the Board of Immigration Appeals. 8 C.F.R. § 1236.1(d)(3). In other words, the Court is constrained to dismiss his petition for lack of jurisdiction. The dismissal will operate without prejudice. *Revere v. Wilmington Fin.,* 406 F. App'x 936, 937 (6th Cir. 2011) (citing *Ernst v. Rising*, 427 F.3d 351, 366 (6th Cir. 2005)).

**IT IS ORDERED** that Petitioner Roberto Carlos Rosales' petition for a writ of a habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be dismissed without prejudice.

The Clerk of Court is directed to enter judgment accordingly.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 5, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 5, 2026, by electronic and/or U.S. First Class mail.

s/R. Thieme
Case Manager